**In re Richard G. PAOLINO and Elaine M. Paolino, Debtors.**

**Bankruptcy No. 85–00759G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 26, 1986.

Barbara Lanza Farley, Philadelphia, Pa., for movant, Medical Funding Corp.

Kenneth F. Carobus, Morris & Adelman, Philadelphia, Pa., for petitioning creditors.

Werner H. Von Rosenstiel, Philadelphia, Pa., for Federal Nat. Mortg. Ass'n.

Myron Bloom, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Univest Mortg. Co. and Union Nat. Bank and Trust Co.

Horace A. Stern, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for resolution is whether a second mortgagee may successfully demand payment on its mortgage from a portion of the rental income generated by property encumbered by the mortgage, prior to satisfaction of all postpetition arrearages owed to a first mortgagee on the property. For the reasons stated below, we conclude that the second mortgagee is not entitled to any portion of the rental income until the postpetition arrearages to the first mortgagee have been paid.

The facts of this case are as follows:[1] To secure a debt of $34,650.00, the debtors granted a mortgage on a parcel of realty to Fidelity Bond and Mortgage Company ("Fidelity"), which mortgage was subsequently assigned to the Federal National Mortgage Association ("FNMA"). The monthly payments on this mortgage equal $411.00. The debtors subsequently granted a second mortgage in the same property in the amount of $260,000.00 to Medical Funding Corporation ("Medical").[2] The debtors have been leasing the property for $500.00 per month. The premises are currently worth $62,000.00.

In March of 1985, an involuntary petition was filed against the debtor under chapter 11, and in due course we entered relief thereon. At that time the debtors were in default under both mortgages and they apparently made no payments on either debt during the five month period following the filing of the petition. Due to the default, FNMA filed a motion for relief from the automatic stay. The debtors and FNMA resolved the dispute with a stipulation by which the debtors agreed to pay FNMA the $500.00 in monthly rental income generated by the property. Of each $500.00 payment, $411.00 is applied as a current payment on the mortgage, while the remaining $89.00 is allocated to the postpetition arrearages.

On hearing of this resolution, Medical filed a motion denominated as a motion for relief from the automatic stay. In actuality, Medical did not address the issue of relief from the automatic stay, rather it sought an order directing payment to it of the $89.00 difference between the monthly rental payment and the $411.00 payment for current indebtedness to FNMA.

Medical contends that it has an administrative expense against the estate for all postpetition mortgage payments owed it and that the $89.00 portion of each payment is a fund for satisfaction of this administrative expense. FNMA does not dispute Medical's claim of an administrative expense but, instead, asserts (1) that it (FNMA) has a security interest in the monthly rent payments which is superior to any security interest Medical may have in the rent and (2) that no portion of the rent may be paid to Medical until FNMA's postpetition arrearages have been paid in full.

■ To the extent that the mortgages of FNMA and Medical encumber the rental income from the property, both have a security interest in the rent. Under Pennsylvania law a prior mortgagee has a preeminent encumbrance over subsequent mortgagees. 42 Pa.Cons.Stat. § 8141. To the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. The financing arrangement involved seems a bit off the beaten path. The debtors apparently own several parcels of realty and on the basis of that collateral they borrowed $260,000 from Medical. The debtors then granted a mortgage on *each* of the parcels for $260,000.00.

extent that FNMA has a lien in the rent, the rent is not available to satisfy administrative claimants or unsecured creditors. *General Electric Credit Corp. v. Levin & Weintraub (In Re Flagstaff Foodservice Corp)*, 739 F.2d 73 (2d Cir.1984); *In Re Winslow Center Assoc.*, 57 B.R. 317, 318 (Bankr.E.D.Pa.1986). Consequently, while Medical may have an administrative claim, the rent is not available to satisfy the claim to the extent it is merely an administrative claim.

■ Although Medical cannot receive payment of a portion of the rent under its status as a possible administrative claimant, it has the dual status of a secured creditor in the realty and the rent. Under this status, FNMA challenges any possible payment to Medical on the grounds that, if the property were liquidated, its claim would be paid in full prior to that of Medical according to the dictates of state law which is binding on us in the absence of any superseding provision of federal law. FNMA asserts that, in such a liquidation, payment to it of both principal and interest would be prior in right to Medical's claim for either on its debt. In this assertion, FNMA is correct, in that the accrual of interest on a secured debt subordinates the interests of junior claimants as to principal and interest. *American Iron & Steel Mfg., Co. v. Seaboard Air Line Railway*, 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949 (1914); *Consolidated Rock Products Co. v. Du Bois*, 312 U.S. 510, 527, 61 S.Ct. 675, 685, 85 L.Ed. 982 (1941); *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 318 U.S. 523, 546, 63 S.Ct. 727, 740, 87 L.Ed. 959 (1943); *Maimone v. Columbia Savings Bank (In Re Maimone)*, 41 B.R. 974, 980–82 (Bankr. D.N.J.1984).

■ While we are reluctant to say that the rule stated above squarely resolves the issue at hand, we find the principles underlying the rule sufficiently compelling for us to hold that a second mortgagee may not successfully demand payment on its mortgage from a portion of the rental income generated by property encumbered by the mortgage, prior to satisfaction of all post-petition arrearages owed to a first mortgagee on the property. We will accordingly enter an order denying Medical all relief on its motion.